```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

TROY REGINALD FRANKLIN             *      CIVIL ACTION
                                   *
VERSUS                             *      NO. 10-2118
                                   *
CITY OF SLIDELL, ET AL.            *
                                   *      SECTION "B"(4)
```

## ORDER AND REASONS

Before the Court is defendants' Motion for Summary Judgment seeking dismissal of plaintiff's claims as untimely and barred, in noted instances, for failure to exhaust available administrative remedies. (Rec. Doc. No. 60). Plaintiff's opposition thereto is filed at Rec. Doc. No. 83, and defendants' reply to same is found at Rec. Doc. No. 90. Accordingly, and for the reasons herein articulated,

**IT IS ORDERED** that defendants' Motion for Summary Judgment (Rec. Doc. No. 60) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants' other pending summary judgment motion, found at Rec. Doc. No. 57, is **DISMISSED AS MOOT** in view of the foregoing ruling on Rec. Doc. No. 60.

Plaintiff brings this Title VII action against the City of Slidell, the Slidell Police Department, and two Sergeants with the police force for alleged discriminatory actions. Plaintiff is a senior corrections officer ("SCO"). He is currently on disability leave. Plaintiff contends that, because he is African American, he was denied equal pay/work, and was subjected to harassment, attempts at constructive discharge, and a hostile work environment. He also claims a denial of equal protection from work place violence. He contends that the discriminatory actions began in July 2007 and have continued until the present. (Rec. Doc. No. 1). Plaintiff states that following confrontations with his supervisor, defendant Captain Robert Jacobs, Jacobs filed false allegations against him with the Slidell Police Department's Internal Affairs Division ("IAD"). He contends that Jacobs forced him to work "obsessive overtime" and attempted to bribe him. Plaintiff also claims that Jacobs threatened his life.

Defendants point out that both Jacobs and plaintiff Franklin were timely disciplined by the Slidell Police Department, following IAD investigations into their respective complaints against each other. (Rec. Doc. Nos. 60-6 and 60-11, letter of 3-day suspension to Franklin involving a July 18, 2007 incident with Jacobs; and

Rec. Doc. Nos. 60-16 and 60-17, letter of 3-day suspension to Jacobs involving a Sept. 5, 2008 incident with Franklin). Jacobs was also removed from interaction with plaintiff and transferred to a different department. (Rec. Doc. No. 60-18, Transcript of deposition of plaintiff taken on August 20, 2010, at p.57, l.22-p.60, l.4). There was a separate IAD investigation that resulted in a 7-day suspension of Franklin for gambling while on duty with inmates in April 2007. (Rec. Doc. Nos. 8 and 9). There is no evidence that Jacobs was involved in that IAD complaint.

   Prior to filing the subject lawsuit on July 29, 2010, plaintiff filed on April 20, 2009 a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). His EEOC charge alleged that while he was employed by the Slidell Police Department, he faced racial discrimination and was retaliated against for "opposing practices made illegal under Title VII of the Civil Rights Act of 1964 . . . ." (Rec. Doc. No. 11 at 11). Attached to the complaint is the determination of the EEOC. That agency stated that "based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes." (Rec. Doc. No. 1 at 6).

   Plaintiff was suspended, following "two separate internal investigations both of which were sustained" according to a letter from Tim Mathison, City Attorney for Slidell; this letter

3

was submitted by plaintiff at Rec. Doc. No. 10-1 at 3-4.  That letter was with many others sent in response to this Court's September 9, 2010 Order affording plaintiff an opportunity to respond to the EEOC's determination and to submit proof of his efforts to obtain counsel. (Rec. Doc. No. 9).

## Law and Analysis

A.   Summary Judgment Standard

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).  A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial.  *Webb v. Cardiothoracic Surgery Assocs. of N. Texas, P.A.*, 139 F.3d 532, 536 (5th Cir. 1998).  The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or

other evidence to establish a genuine issue. *Id.* Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

B.  <u>Complaints Arising out of Disciplinary Action - Retaliation</u>

Of relevance to the case *sub judice* is the "Compromise Agreement" entered into by plaintiff on October 15, 2007 with the City of Slidell, represented by Tim Mathison, City Attorney. That agreement, attached to the instant motion states, in pertinent part:

> This City and SCO Franklin desire to and hereby compromise and resolve all issues arising from two separate disciplinary actions involving SCO Franklin as follows.
>
> By order of Slidell Police Chief Freddy Drennan, SCO Franklin was suspended without pay from his duties for a total of ten days. As of the date of this Agreement, SCO Franklin has served four of those ten days. The City considers the suspension to have been served.
>
> In consideration thereof, SCO Franklin shall dismiss his appeals currently pending before the Slidell Civil Service Board. SCO Franklin further agrees to institute no legal or administrative proceedings of any nature arising from the disciplinary actions.
>
> The city and SCO Franklin recognize that this Agreement is intended to compromise and resolve disputed claims related to the suspensions. This Agreement is not intended to bear upon the merits of such claims. The City recognizes that SCO Franklin's conduct was influenced by medical conditions that were resolved.

(Rec. Doc. No. 60-14). Defendants correctly state that "plaintiff previously entered into a compromise agreement which dismissed all complaints regarding his two disciplinary suspensions." (Rec. Doc. No. 60-2 at 22). In response to this statement, plaintiff states the "compromise agreement was entered into, Defendants using issues covered by compromise agreement in their defense, The Plaintiff in his complaint is referring to a memo dated July 18, 2007 . . . (Exhibit A)." (Rec. Doc. No. 83 at 1). That memo, attached to plaintiff's opposition at Rec. Doc. No. 83-1 at 1, is a memo from Jacobs to IAD officer, James Noble, accusing plaintiff of verbally threatening Jacobs.

Record evidence clearly shows that the parties' October 15, 2007 agreement resolved plaintiff's claims "arising from two separate disciplinary actions involving SCO Franklin . . . SCO Franklin shall dismiss his appeals . . . before the Slidell Civil Service Board. SCO Franklin further agrees to institute no legal or administrative proceedings of any nature arising from the disciplinary actions." (Rec. Doc. No. 60-14) (Disciplinary actions found at Rec. Doc. Nos. 60-9 and 60-11, dated August 20, 2007).

Subsequently, on the same date as the compromise agreement, October 15, 2007, plaintiff notified the Slidell Civil Service Board ("CSB") that he was withdrawing his request for an appeal of his suspensions. (Rec. Doc. No. 60-15). Moreover, plaintiff's charge of discrimination was not filed with the EEOC until April 20, 2009. As discussed *infra*, plaintiff failed to file his EEOC

charge within the 300-day statutory limitation period of the alleged acts of discrimination, using the August 20, 2007 date on letters of suspension. The EEOC charge for alleged discriminatory acts should have been filed no later than June 2008. There is no basis to establish a "continuing violation" or relaxation of the statutory time limits. Plaintiff had more than adequate notice in the 2007 time frame that should have put an employee on notice that a cause of action had occurred. *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002); *Huckabay v. Moore*, 142 F.3d 233, 240 (5th Cir. 1998).

Considering all of the evidence, presented in the light most favorable to the plaintiff, the "Compromise Agreement" requires dismissal of all claims arising from the disciplinary actions outlined *supra*, which appear to include plaintiff's claims for retaliation. The express terms of that agreement are neither contested nor questioned as to the parties' consent to same. Further, claims arising from the 2007 incidents are time-barred. 42 U.S.C. § 2000e-5(e)(1); *National R.R. Passenger Corp.*, *supra*; *Webb*, 139 F.3d at 537.

C. <u>Equal Pay and Racially Discriminatory Job Classification Claims</u>

After submitting a request to the CSB to review his equal pay complaints, the board conducted an investigation. The board found no merit in plaintiff's complaint. Of note is the signed letter by

two board members that received a report from Marianne Tanner, the administrative assistant who interviewed plaintiff. The relevant portion of the uncontested letter states:

> It is important to note here that one of the most convincing reasons for the "without merit" conclusion reached is the fact that Mr. Franklin, during the interview, stated that he did not really feel that he had been subject of discrimination and that he had been treated fairly by his department and [Slidell's Personnel Director].

(Rec. Doc. No. 60-4 at 1). Defendants also cite testimony from a hearing before the Magistrate Judge in the instant action at which plaintiff stated, in reference to his complaint before the CSB for equal pay, "when it came to me going before the [CSB], my settlements - - I had settled with them, I had got the promotion and I had gotten back pay." (Rec. Doc. No. 60-25 at p.2). On the same page of the transcript, plaintiff calls his CSB complaint for equal pay "a moot point." *Id*.

Given plaintiff's transcribed statements before the Magistrate Judge and the unrebuked statement made to the CSB's administrative assistant, summary judgment should be granted regarding plaintiff's claims of unequal pay and racially discriminatory job classification.

D. <u>Constructive Discharge, Hostile Work Environment, Equal Protection from Workplace Violence</u>

Under 42 U.S.C. § 2000e-5(e)(1), a claimant must file a charge with the EEOC within one hundred eighty days of the incident alleged or within three hundred days of the alleged occurrence of an unlawful employment practice where the aggrieved person has initiated proceedings with a state or local agency. Here, as Louisiana is a deferral state pursuant to La. Rev. Stat. Ann. § 51:2231, *et seq.*, plaintiff had three hundred days after an alleged incident in which to file a charge with the EEOC. Plaintiff filed a complaint with the EEOC on April 20, 2009. Thus, any event occurring before June 24, 2008 (three hundred days prior to April 20, 2009) is barred by the applicable statute of limitations. The only event in plaintiff's lawsuit which allegedly occurred after June 24, 2008 was the threat by Jacobs to plaintiff on September 5, 2008, discussed *supra*. That alleged event was not mentioned in plaintiff's charge filed with the EEOC. Thusly, claims arising from it are barred by the three hundred days limitations period following the alleged incident, or on July 2, 2009. Plaintiff should have filed an EEOC charge relative to that event no later than the latter date, but failed to do so.

The Fifth Circuit has stated that "[t]he filing of an administrative complaint is a jurisdictional prerequisite to a Title VII action. Further, a complainant must pursue and exhaust his administrative remedies prior to filing a judicial complaint." *Barnes v. Levitt*, 118 F.3d 404, 408 (5th Cir. 1997) (citing *Dollis*

*v. Rubin*, 77 F.3d 777, 781 (5th Cir. 1995); *Johnson v. Bergland*, 614 F.2d 415, 417 (5th Cir. 1980)).

As already noted, plaintiff's charge to the EEOC did not allege attempts at constructive discharge, hostile work environment, or a failure to provide equal protection from workplace violence. Those claims are barred by the statute of limitations, and subject to dismissal due to plaintiff's failure to exhaust administrative remedies.

Alternatively, plaintiff's employer took prompt action against plaintiff's alleged harasser, Jacobs, by placing Jacobs on administrative leave on the same day that plaintiff accused Jacobs of threatening him. (Rec. Doc. No. 60-16). Further, Jacobs was suspended without pay, removed from his position, and transferred to a different department where he would not be required to interact with plaintiff. (Rec. Doc. Nos. 60-17; 60-18 at p.57, line 22 through p.60, line 4; 60-19). Plaintiff has not shown material factual disputes on this claim. There is no proof of a constructive discharge here based on uncontested prompt action by plaintiff's employer in response to his complaint. *Cf. Dornhecker v. Malibu Grand Prix Corp.*, 828 F.2d 307, 310 (5th Cir. 1987); Note also plaintiff's overly vague, conclusory and, at times, inconsistent remarks relative to claims here, *e.g.*, overtime in Rec. Doc. No. 60-24 (plaintiff's

Supplemental Answers to Interrogatories) and Rec. Doc. No. 60-18 (plaintiff's Deposition Transcript, noted earlier).

As noted earlier, plaintiff's employer took prompt action against Jacobs to remedy plaintiff's complaint against him. Plaintiff even states that the factual basis for this claim are the very IAD records that formed the basis for disciplinary actions against Jacobs by his employer. (Rec. Doc. No. 60-23, p. 3, plaintiff's Answer to Interrogatory No. 10). Plaintiff fails to show an environment that is objectively hostile or abusive. At most, he has shown an isolated incident that was not extremely serious and, moreover, in regard to that September 2008 incident, plaintiff's employer took prompt and reasonable action against Jacobs to protect plaintiff. *Clark County School District v. Breeden*, 532 U.S. 268, 270-71 (2001); *Webb*, *supra*; *Waymire v. Harris County, Tex.*, 86 F.3d 424 (5th Cir. 1996). Lastly, there is no production of evidence from plaintiff that he and similarly situated employees were treated differently from similarly situated white employees in response to disciplinary complaints by his employer.

Plaintiff cannot rest upon bold conclusory remarks or subjective beliefs in response to all of the above record evidence of his employer's non-discriminatory treatment and actions.[1] *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S.

---

[1] Plaintiff has been ordered/compelled to give deposition testimony and discovery more than once. There is no support for

133 (2000); *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220-21 (5th Cir. 2001); *Douglas v. United Services*, 79 F. 3d 1415, 1429-1430 (5th Cir. 1996).  While liberally construing his *pro se* pleadings, binding precedent requires *pro se* litigants to comply with court orders and rules of procedure the same as represented parties.  *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam).

New Orleans, Louisiana, this 29th day of September, 2011.

_____
UNITED STATES DISTRICT JUDGE

---

his accusations of being denied access to information by defendants.  (Rec. Doc. Nos. 22, 46, 65, 76, 77, 91 wherein plaintiff was sanctioned for non-compliance with Magistrate Judge's Order).

12